



## OFFICE OF THE ATTORNEY GENERAL OF TEXAS

### AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable C. Woodrow Laughlin
County Attorney
Jim Wells County
Alice, Texas

Dear Sir:

Opinion No. O-1090
Re: Whether bank is liable for
funds withdrawn by the Tax
Collector as his fees of
office.

Your request for an opinion from this department
as stated in your letter of July 3, 1939, is as follows:

"Is a bank liable for the funds withdrawn
by the Tax Collector as his fees of office?"

Article 2549, Revised Civil Statutes, 1925, as
amended, contains the following relevant provisions:

"It shall also be the duty of the Tax Col-
lector of such county to deposit all taxes col-
lected by him, or under his authority, for the
state and such county and its various districts
and other municipal subdivisions, in such deposi-
tory or depositories, as soon as collected, pend-
ing the preparation of his report of such col-
lection and settlement thereon. The bond of such
county depository or depositories shall stand as
security for all such funds. Upon such funds
being deposited as herein required, the Tax Col-
lector and sureties on his bond, shall thereafter
be relieved of responsibility of its safe keeping.
.... All money collected or held by any district,
county or precinct officer in such county, or
the officers of any defined district or subdivi-
sion in such county, including the funds of any
municipal or quasi-municipal subdivision or
corporation which has the power to select its own
depository, but has not done so, shall be governed
by this law, and shall be deposited in accordance
with its requirements, and shall be considered in
fixing the bond of such depository, and shall be
protected by such bond; and all warrants, checks,
and vouchers evidencing such funds shall be sub-

ject to audit and countersignature as now or
hereafter provided by law."

It is presumed from your letter that the county
officers of Jim Wells County are on a fee basis, and there-
fore, the compensation of the Tax Collector is controlled
by the provisions of Article 3883 and 3891, Revised Civil
Statutes, 1925, as amended. Being a fee officer the Tax
Collector's compensation or fees of office which he is
allowed to retain are fixed upon an annual basis. The fol-
lowing language of Article 3883 is to be noted:

"Except as otherwise provided in this act,
the annual fees that may be retained by precinct,
county and district officers mentioned in this
article shall be as follows: ...."

Article 2549, provides for the selection of a county
depository by the Commissioners' Court. It also provides that
it shall be the duty of the Tax Collector of such county to
eposit all taxes collected by him, or under his authority for
he state and such county and its various districts and other
unicipal subdivisions, in such depository as soon as collect-
d. We naturally assume therefore that the Tax Collector of
Jim Wells County, in compliance with these provisions, depos-
ted said monies in the depository bank. It is to be noted
hat said article also provides that upon such funds being de-
osited as herein required, the Tax Collector and his sureties
n his bond shall thereafter be relieved of responsibility for
ts safe keeping.

Article 7250, Revised Civil Statutes, 1925, provides:

"Except as to compensation due such tax
collector as shown by his approved reports, tax
money deposited in county depositories shall be
paid by such depositories only to treasurers en-
titled to receive the same, on checks drawn by
such tax collector in favor of such treasurer."

It was apparently the intention of the Legislature
that when the Tax Collector deposits money collected by him
in the depository bank, it passes from his possession and
custody to the possession of the depository because he was no
longer responsible for its safe keeping.

Article 7260, Revised Civil Statutes, 1925, as amend-
ed, and its relevant provisions, provides:

"1.  At the end of each month the Tax Collector shall, on forms to be furnished by the Comptroller, make an itemized report under oath to the Comptroller, showing each and every item of ad valorem, poll and occupation taxes collected by him during said month, accompanied by a summarized statement showing full disposition of all State taxes collected, provided that said itemized reports for the months of December and January of each year may not be made for twenty-five (25) days after the end of such months if same cannot be completed by the end of such respective months.

"2.  He shall present such report, together with the tax receipt stubs to the County Clerk, who shall within two (2) days compare said report with said stubs, and if same agree in every particular as regards names, dates and amounts, he shall certify to its correctness, for which examination and certificate said Clerk shall be paid by the Commissioners Court twenty-five (25) cents for each certificate and twenty-five (25) cents for each two hundred (200) taxpayers on said report; provided that in counties having a County Auditor the work mentioned in this paragraph shall be done by the County Auditor rather than the County Clerk.

"3.  The Tax Collector shall then immediately forward his reports so certified to the Comptroller, and shall pay over to the State Treasurer all moneys collected by him for the State during said month, excepting such amounts as he is allowed by law to pay in his county, reserving only his commissions on the total amount collected, ...."

Article 7261, as amended, and its relevant provisions provide:

"1.  The Tax Collector shall at the end of each month make like reports to the Commissioners Court of all the collections made for the county, conforming as far as applicable and in like manner to the requirements as to the collection and report of taxes collected for the State.  The County Clerk shall likewise, within two (2) days after the presentation of said report by the Collector, examine said report and stubs and certify to their correctness as regards names, dates, and amounts;

Hon. C. Woodrow Laughlin, Page 4

for which examination and certificate he shall be paid by the Collector Fifty (50) Cents each month, which amount shall be allowed to the Collector by the Commissioners Court; provided that in counties having a County Auditor the work mentioned in this paragraph shall be done by the County Auditor rather than the County Clerk.

"2. The Clerk shall file said report intended for the Commissioners Court, together with the tax receipt stubs, in his office for the next regular meeting of the Commissioners Court.

"3. The Tax Collector shall immediately pay over to the County Treasurer all taxes collected for the county during said month, after reserving his commissions for collecting the same, and take receipts therefor, and file with the County Clerk."

It will be noted that Article 2549, requiring the Tax Collector to deposit all funds collected by him in such depository, such statute expressly states: "The bond of such county depository or depositories shall stand as security for all such funds." A similar question as raised in your request, was presented in the case of Kiser vs. Austin, Banking Commissioner, et al, 277 S. W. 411, rendered by the El Paso Court of Civil Appeals, which case was affirmed by the Commission of Appeals, reported in 286 S. W. 1082. In holding that the deposit guaranty fund was not liable, the court held that the Tax Collector may not deduct commissions until approval of reports of collections by the proper authorities. In the opinion, it was further pointed out that the bank is authorized to correct errors and return to the Tax Collector such commissions due him which could only be ascertained by the bank as shown on the approved monthly report. Insofar as the depository bank is concerned, under the decision of the Kiser vs. Austin, supra, the depository bank, for its own protection, would be authorized to allow deduction of the Tax Collector's commissions from funds placed by him on deposit and in a fiduciary capacity, only upon the approval of his monthly reports.

In reviewing the above decision, both by the Court of Civil Appeals and Commission of Appeals, we deem it necessary to call your attention to a construction put upon Article 2549, substantially the same as Article 2444, the depository statute involved, wherein the Court of Civil Appeals construed Article 2549 as disclosing an intent of the Legislature to deny to the Tax Collector the authority to make his legal deductions of commissions prior to the placing of such collections in the bank on deposit. It will be noted that Justice Walthall dis-



sented from the majority view as to such a construction to be placed upon said statute. We find it necessary to call your attention to the language of the opinion of the Commission of Appeals in regard to the construction placed upon Article 2549 by the El Paso Court of Appeals, which construction apparently did not affect the decision in said case:

"While it may be true the collector was entitled to deduct from the tax collections his commissions before depositing the county funds in the bank, nevertheless, he did not actually make such deductions in any way whatever, nor evidence any intention to do so .... In this case the form of the deposit correctly represents the real status of the fund. It can make no difference that the county still owes the collector his commissions, if it does; the fact remains that no part of the funds deposited had been appropriated or applied to such claim. There has been no segregation of the funds either actual or equitable." ....

In the light of the foregoing authorities, it is the opinion of this department that where a Tax Collector compensated on an annual fee basis deposits in the depository bank of his county such fees as by law he would be authorized to retain, such depository bank has the right to require such fiduciary to furnish proof of the amount legally due the Tax Collector as a condition preceding the withdrawal of same.

The foregoing renders it unnecessary for us to determine the specific question as to the bank's liability which is a fact question not determinable from the facts set forth in your letter.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By [signature]

[Wm] J. R. King
Assistant

APPROVED JUL 31, 1939

[signature]

FIRST ASSISTANT
ATTORNEY GENERAL

APPROVED
OPINION
COMMITTEE
BY [initials]
CHAIRMAN